## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| BARTLETT FRANKLIN<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC.,<br><br>    Defendant. | Case No. |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, BARTLETT FRANKLIN ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX".) referred to as "Defendant"):

### Nature of the Action

1.     This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### Parties

2.     Plaintiff is a natural person at all times relevant residing in Kent County, in the City of Grand Rapids, in the State of Michigan.

3.     At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

- 1 -

4. Defendant EQUIFAX is a corporation conducting business in the State of Michigan and is headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

7. Defendant EQUIFAX is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

8. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is headquartered within this District and a substantial part of the events or omissions giving rise to

the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

11. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding a credit account he had with Chase Bank, settled with Chase Bank, and paid to Chase Bank.

12. CRAs, including EQUIFAX have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

14. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with Chase Bank, an inaccuracy found in credit reports published by EQUIFAX.

15. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question.

16. On or about November 9, 2023, Plaintiff and Chase Bank settled an account ending in 4162 (the "Account") for $4,164.00.

17. Per the terms of the agreement, Plaintiff made consecutive payments totaling four thousand one hundred sixty-four dollars ($4,164.00) from December 3,2023, until March 6, 2024, and thereby satisfied the terms of the agreement.

18. On May 24, 2024, Plaintiff received a copy of his credit report from EQUIFAX.

19. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant EQUIFAX reported inaccurate information regarding the status of the Account.

20. Specifically, EQUIFAX reported the Account with a status of "Collection/Charge Off", a balance owed of $4,162.00 and failed to report the payments that were made to satisfy the Account.

21. The CRA Defendant's failure to report the Account correctly and failure to report the accurate status, accurate balance and failure to report the payments Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history

22. On June 14, 2024, Plaintiff issued a dispute by mail to Defendant EQUIFAX regarding the inaccurate information being reported on the Account.

23. In his dispute letter Plaintiff disputed the inaccurate entry in his credit report that the Account was in a "Collection/Charge Off" status and that any balance

was owed on the Account.  He also included proof of the agreement between him and Chase Bank and proof of the payments made in satisfaction of the agreement.

24.    His dispute package was delivered on or about June 20, 2024.

25.    Upon information and belief, EQUIFAX would have notified Chase Bank of Plaintiff's dispute within five days of receiving Plaintiff's dispute.

26.    Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in his dispute letter to Chase Bank, including the terms of the settlement and proof of payment.

27.    Despite his very specific dispute and accompanying documents supporting his dispute, Plaintiff found the same inaccuracies from EQUIFAX, on an updated credit report he received on August 22, 2024.

28.    At the time of the filing of this complaint EQUIFAX continues to report the Account inaccurately as having a status of "Collection/Charge Off," having a balance owed and misreporting the payments made on the Account.

29.    If EQUIFAX would have complied with its statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

30.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account EQUIFAX is required to follow reasonable procedures

to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff.

31.    As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit along with mental and emotional distress.

32.    Further, Plaintiff has been hesitant to apply for any new credit until these inaccuracies are resolved.

33.    Because of his concern over the effects Defendant's misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that he has had the financial means to do both.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act15 U.S.C. § 1681e(b)**

34.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

35.    After receiving Plaintiff's dispute regarding the Account, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36.    EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

37.     As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38.     EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39.     In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40.     Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
### Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681i

41.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

42.     After receiving Plaintiff's dispute for the Account, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43.    Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44.    As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against EQUIFAX for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated March 30, 2026

By:*/s/ Mark Carey*
Mark A. Carey
Law Offices of Mark Carey
5600 Roswell Road, Building C
Sandy Springs, GA 30342
Tel: (716) 853-9243
Email: markcareylaw@ymail.com

Attorneys for Plaintiff,
BARTLETT FRANKLIN